IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **SIERRA CLUB, et al.,** | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 02-0258-CG-C |
| | ) |
| **GALE NORTON, et al.,** | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter is before the court on the joint motion of defendants and intervening defendants (hereafter collectively referred to as "defendants") to reactivate case and dismiss without prejudice (Doc. 132), plaintiffs' opposition thereto (Doc. 137), and defendants' reply (Doc. 138). For the reasons stated below, the court finds that defendants' motion is due to be granted.

**BACKGROUND**

This case arises from plaintiffs' objection to the announcement by Fish and Wildlife Services that it intended to issue Incidental Take Permits ("ITPs") to Gulf Highlands and Fort Morgan Paradise Joint Venture for their proposed condominium developments on the Fort Morgan Peninsula. These projects allegedly involved construction on optimal habitat for the Alabama Beach Mouse, an endangered species. Plaintiffs' complaint sought a declaration that the ITPs violated the National Environmental Policy Act (NEPA) and the Administrative Procedures Act (APA) and are invalid and should be revoked, primarily because the Fish and Wildlife Service failed to prepare an environmental impact statement and consider other

1

important data.  The complaint also sought an injunction prohibiting Fish and Wildlife from issuing any ITPs for the projects at issue unless and until Fish and Wildlife Services had complied with NEPA and the APA.

This court granted a preliminary injunction in June 2002. (Docs. 45, 46).  In February 2003, this court ordered that the permits at issue be remanded to the Fish and Wildlife Service for further consideration, to include preparation of an Environmental Impact Statement. (Doc. 125).  The case was then closed for statistical purposes in anticipation that the parties could reach a satisfactory conclusion amongst themselves. (Doc. 131).  The court stated that should negotiations between the parties prove unsatisfactory, then either party may reopen the case.

Defendants now claim they have done everything they were ordered to do and, therefore, move to reopen the case for the purpose of dismissing it without prejudice. (Doc. 132).  They report that an Environmental Impact Statement ("EIS") has been performed and that the Fish and Wildlife Service has issued new ITPs with modifications for the project.  The Sierra Club opposes the dismissal asserting that it has not yet completed their review of the Incidental Take Statements which were just issued on January 10, 2007. (Doc.137 p. 2); nor has it had the chance to fully review other related documents such as a Biological Opinion on the Incidental Take Statements dated Dec. 19, 2006, and a critical habitat designation for the beach mouse on Fort Morgan which was published in the Federal Register on Jan. 20, 2007. (Doc. 137 p. 2).  The Sierra Club states that it believes there are legal and other flaws in the analysis of impacts of these Incidental Take Statements on the Alabama beach mouse, and that an appeal of these agency decisions may be necessary. (Doc. 137 p. 2). The Sierra Club asserts that any necessary appeal could potentially be filed through amendment of the present action, or through filing of a

separate action. (Doc. 137 p. 3). According to the Sierra Club, "the most efficient way to proceed would be for this matter to remain open and the present injunction in place for a reasonable period to allow the Sierra Club to finish its review of the documents..." (Doc. 137 p. 3). Defendants reply that any objection to the new ITPs and the administrative actions related to the issuance of the new ITPs should be the subject of a new action and that plaintiffs have given no reason why the action should not be dismissed or why they would be prejudiced if it were dismissed without prejudice. (Doc. 138).

## DISCUSSION

After reviewing the parties' arguments, this court's order of remand, and the record as a whole, the court agrees with defendants that the action is due to be dismissed without prejudice. There is no dispute that an Environmental Impact Statement was completed as this court's remand order required. Plaintiffs appear to have received the relief they originally sought with this lawsuit but are now unsure whether the result is satisfactory. Since the dismissal is without prejudice, plaintiffs would be free to file a new action if they believe the new ITPs are invalid. The plaintiffs' response acknowledges that they are unsure whether they will want to appeal the recent administrative actions and admit that any appeal could be accomplished through the filing of a new action. Defendants have complied with the court's orders which have resulted in the intervening defendants' condominium developments being delayed some five years. It has been more than a month and a half since defendants filed the motion to reopen and dismiss, and Plaintiffs have not advised the court of point to any specific problems with the current ITPs. The court finds plaintiffs' desire for additional time to review the documents to be insufficient reason to delay the defendants further.

**CONCLUSION**

For the reasons stated above, defendants' motion to reactivate case and dismiss without prejudice (Doc. 132) is **GRANTED,** and this case is hereby **REOPENED** and **DISMISSED without prejudice**.

**DONE and ORDERED** this 21st day of March, 2007.

/s/  Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE